# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | |
|---|---|
| GOBIND SINGH, M.D., PH,D., | ) |
| Appellant, | ) |
| v. | ) No. 22-5325 |
| VANDERBILT UNIVERSITY MEDICAL CENTER and VANDERBILT UNIVERSITY, | ) |
| Appellees. | ) |

## APPELLEES' MOTION REQUESTING AFFIRMATIVE RELIEF OF DISMISSAL OF APPEAL FOR FAILURE TO TIMELY FILE APPELLANT BRIEF

Pursuant to Fed. R. App. P. 31(c) and 6th Cir. R. 26(b), Appellees, Vanderbilt University Medical Center and Vanderbilt University ("Appellees"), hereby request that this Court award Appellees the affirmative relief of the dismissal of Appellant's appeal for want of prosecution. The Appellees request that this Court summarily deny Singh's appeal under Federal Rule of Appellate Procedure 31(c) and 6th Circuit Rule 26(b) because Singh has neither filed his Brief, which was due on January 6, 2023, (reset from November 22, 2022) after three prior extensions, nor filed a Motion to Extend Time prior to the January 6th deadline. Appellees also respectfully request that they be relieved of the obligation to file an Appellee brief in this matter given Appellant's failure to file an opening brief.

## I. PROCEDURAL BACKGROUND

Singh's failure to adhere to the January 6th deadline to file his Appellant brief is but the latest in a long-established pattern of delay and lack of adherence to judicial deadlines on the part of the Appellant in this matter—an action initially filed more than five years ago. The Record in this matter reveals that the Appellant has repeatedly requested extensions of time and continuances, resulting in multiple trial continuances. The Appellant has also repeatedly ignored Scheduling Order deadlines and ignored clear directions from the District Court. The Appellant's requests for continuances have typically been related to disputes with his attorneys, or assertions that other parties have committed actions that affected his ability to meet a court-imposed deadline.

Following the withdrawal of his most recent counsel (the fifth counsel of record in this matter), the Appellant has been proceeding *pro se*. This Court entered an initial briefing schedule on July 7, 2022, directing Appellant to file a brief by August 19, 2022, and warning him that his failure to do so could result in dismissal of his appeal. *Doc. 18.* Yet, due to Appellant's failure to comply with the deadline for filing transcripts, this Court cancelled the initial briefing schedule and held this matter in abeyance. *See Doc. 21.* On September 8, 2022, this Court entered a second briefing letter directing Appellant to file a brief by October 21, 2022, and again warning him that failure to file his brief on time could put the case at risk of being

dismissed for want of prosecution. *Doc. 25*. However, on October 21, instead of filing his brief, Appellant sought an extension to November 4, 2022, based on his contention that such time would allow him to follow up with the District Court regarding his belief that the record is incomplete. *Doc. 26*. This Court granted an extension to November 7, 2022, and directed the parties to reach out to the Court or refer to the initial briefing letter regarding questions about filing briefs. *Doc. 27*. Appellant then filed an untimely third request for an extension *[Doc. 28]* on November 9, 2022, two days *after* the deadline set by this Court. Appellees filed a motion opposing the requested extension and asking the Court to dismiss the appeal for want of prosecution. As support for the motion, Appellees argued that Appellant had not even attempted to demonstrate the "good cause" necessary for his late-filed motion to be granted and that the Rules of Appellate Procedure, notions of judicial economy, and simple fairness require that the Court not grant any further extensions. *See Doc. 29*.

The Court denied Appellees' motion and granted Appellant a 45-day extension of time to January 6, 2023, to file his appellate brief. Appellant failed to file his appellate brief on January 6, 2023, and as of the date of this filing, has not requested an extension from this Court. For the reasons discussed below, this Appeal should be dismissed for Appellant's fourth failure to timely file[1] a brief, as

---

[1] *See* Docs. 18, 27, 30-2.

required by Fed. R. App. P. 31 and 6th Cir. R. 26 and failure to demonstrate good cause for an additional extension under Fed. R. App. P. 26.

## II.     THE COURT SHOULD DISMISS THIS APPEAL.

Fed. R. App. P. 26(b) and 6th Cir. R. 26(b) guard against a party procedurally enlarging or extending its time to appeal. *See Link v. Wabash R. Co.*, 370 U.S. 626 (1962) (recognizing the inherent power of the court to dismiss cases for want of prosecution). Pursuant to 6th Cir. R. 26(b), failing to adhere to the court's briefing schedule alone can result in dismissal for want of prosecution. *See* 6th Cir. R. 26 ("[i]f the appellant does not timely process the appeal—including not timely filing a brief or required appendix or not meeting other deadlines—the court may dismiss the appeal for want of prosecution, impose sanctions, or both."). Moreover, an appeal may be dismissed for want of prosecution if the appellant fails to timely file an appellate brief. *See Reed-Pratt v. Winfrey*, 20-1876, 2020 WL 7253498, at *1 (6th Cir. Dec. 7, 2020) (citing 6 Cir. R. 26(b) (dismissing appeal for want of prosecution for failure to timely file brief where plaintiff filed a second extension of time to file her principal brief after having failed to submit a brief by the deadline imposed).

In addition to 6th Cir. R. 26, Fed. R. App. P. 31(c) deals with the consequences of failing to file a brief within the time provided by Rule 31 or within any extended period. § 3977.2 Consequences of Failure to File Briefs, 16AA Fed. Prac. & Proc.

Juris. § 3977.2 (5th ed.). Under Fed. R. App. P. 31(c), an appellee may move for dismissal of the appeal if, as is the case here, the appellant is in default. *See* Fed. R. App. P. 31(c) ("[i]f an appellant fails to file a brief within the time provided by this rule, or within an extended time, an appellee may move to dismiss the appeal.").

As set forth above, Appellant's brief was due on January 6, 2023. *See* Doc. 30-2. Despite this fact and being granted three prior extensions, Appellant failed to file his brief on January 6th, nor did he seek an extension of time to do so. Appellees contend that while this Court has the discretion under Fed. R. App. P. 26 to grant additional time, the Appellant should not be permitted an additional extension under Fed. R. App. P. 26(b), which allows the court to extend the appellate deadline for good cause shown. *See* Fed. R. App. P. 26(b). Having been given additional time on three occasions and failing to meet that deadline again without word from Appellant demonstrates he cannot establish the "good cause" required for relief under the Rule.

Accordingly, in light of the repeated extensions and failure to comply with this Court's deadlines, despite being warned multiple times that such failure could result in dismissal, the Appellant's appeal should be dismissed for want of prosecution. *See* Fed. R. App. P. 31(c); *Hwang v. Saint Francis Hosp.*, 21-6027, 2022 WL 16647011, at *1 (6th Cir. June 21, 2022), reh'g denied, 21-6027, 2022 WL 16647254 (6th Cir. Sept. 22, 2022) (dismissing appeal where appellant failed to file

brief or motion for extension and had established a pattern of unpunctuality); *Reed-Pratt v. Winfrey*, 20-1876, 2020 WL 7253498, at *1 (6th Cir. Dec. 7, 2020); *Andwan v. Village of Greenhills Ohio*, 18-3383, 2019 WL 1952937, at *1 (6th Cir. Feb. 1, 2019). Appellees assert that a less drastic sanction other than dismissal would not be effective, as it is clear from the Appellant's willful unpunctuality and lack of compliance with court rules that he continues to engage in the same behavior that resulted in his trial court dismissal.

### III. CONCLUSION

Accordingly, for the foregoing reasons, Appellees, Vanderbilt University Medical Center and Vanderbilt University, request that the Court dismiss this appeal with prejudice based on Appellant Gobind Singh's failure to file appellant's brief. Appellees further assert that they should be relieved of the obligation to file an appellee brief given Appellant's failure to file an opening brief in this matter.

Respectfully submitted,

/s/ Luther Wright, Jr.
Luther Wright, Jr., TN #017626
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
SunTrust Plaza
401 Commerce Street, Suite 1200
Nashville, TN  37219-2446
Telephone:  615-687-2213
Facsimile:  615-254-1908
luther.wright@ogletreedeakins.com

Attorneys for Appellees Vanderbilt University Medical Center and Vanderbilt University

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of January 2023, I caused a copy of the foregoing **APPELLEES' MOTION REQUESTING AFFIRMATIVE RELIEF OF DISMISSAL OF APPEAL FOR FAILURE TO TIMELY FILE APPELLANT BRIEF** to be with the Clerk of the Court using the ECF system, and served via e-mail and U.S. Mail, first-class postage pre-paid, to the following:

Gobind Singh
1982 2nd Ave., #3C
New York, NY  10029
singhgobiny@gmail.com
gobind.singh@gmail.com

*Pro Se* Appellant

/s/ *Luther Wright, Jr.*
Luther Wright, Jr.